Judge HbNBEKsoN
delivered the opinion of tiie Court:
That the Defendant may be informed of the nature of the chai’go against him, the law requires that the fads constituting it should be stated wj.lh precision ; and, in cases where it is practicable, the law also, against which is said ho has offended, in cases of penal statutes, which are written laws, and therefore may be referred to with ease and certainty, it is required that they should,, in the charge, be stated or referred to — anciently, by naming tbe statute by title, or reciting its provisions :. in modern times, by referring generally to it, in the following or similar terms — 44 contrary lo the statute in suelease made and provided.” The Common Law, being unwritten and traditionary, such reference to its provisions were impracticable, and therefore dispensed with. They are not made to apprise the Court of- the particular law, or to inform the Judge what the law is -; he is bound to take notice of all public laws, as well statute as common. The only case, in which it has been said that this rule might be departed from in actions on penal statutes, is that of Coundell v. John.* The same case is reported in Forlescue, and in Holt's Reports, and was decided by Holt. I confess that the Opinion of the Chief-Justice, as stated in this latter book, is-to me unintelligible : it looks both ways. But if the Reports stood free from all objections on the grouud of inaccuracy, it is hut a solitary c'asc, and is contrary to principle and all the decisions before and sincp, and must be disregarded. A long siring of these, cases might be cited : hut I will only refer to one, in East.* That ráse is much stronger than this; for there the conclusion is, i£ whereby and by force of the stalnte in that case made and provided, an action hdth accrued ,” &c. But it not being stated, that the Defendant did the act contrary to the statute, it was held insufficient, and the judgment of *194 the Common Pleas reversed. Whether that was a misapplication of the principle, is not now the question— the principle was there acted on, and professed to be ap-pije(j^ j think therefore, it follows very clearly, that as this is an offence against a statute, and that statute is not recited nor referred to in the pleadings, the judgment must be reversed. These proceedings, it is true, originated before a justice of the peace, and as to matters of form, are not to be critically scrutinized j yet matters of substance ought not, and cannot be overlooked. This defect is of this latter character, and therefore the judgment must be reversed, and judgment entered for the Appellant.

 2Salk. 505.

 2 East. 333.